UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SHEET METAL WORKERS' NATIONAL
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE
COMMITTEE FOR THE SHEET METAL
AND AIR CONDITIONING INDUSTRY;
SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST;
INTERNATIONAL TRAINING
INSTITUTE FOR THE SHEET METAL
AND AIR CONDITIONING INDUSTRY;
and NATIONAL STABILIZATION
AGREEMENT OF THE SHEET METAL
INDUSTRY FUND,

          Plaintiffs,

-against-

JERSEY SHEET METAL WORKS, INC., and
ROBERT PHILLIPS, as an individual, and
STUART PHILLIPS, as an individual,

          Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-0131(FB)(ARL)

*Appearances:*
*For the Plaintiffs:*
JEFFREY S. DUBIN, ESQ.
464 New York Avenue, Suite 100
Huntington, NY 11743

*For the Defendants:*
ROGER ROTHMAN, ESQ.
145 South Fourth Street
Bay Shore, NY 11706

**BLOCK, Senior District Judge:**

    Before the Court is plaintiffs' motion to enforce the terms of the parties' Settlement Stipulation and Order ("Settlement Agreement"), executed December 19, 2007.

I

    Plaintiffs are five employee benefit plans. Their complaint, filed on January 10, 2007, alleged, *inter alia*, that defendants failed to make required contributions to the plans in violation of § 515 of the Employee Retirement Income Security Act, 29 U.S.C.

§ 1145. *See* Compl. (Docket Entry #1). On December 19, 2007, the parties executed the Settlement Agreement, pursuant to which defendants agreed to pay plaintiffs $486,306.14 in 24 monthly installments in exchange for a release from all claims. *See* Settlement Agreement (Docket Entry #9). The Settlement Agreement contained the following provisions for its enforcement:

> Default by defendant(s) is defined as the failure to make any required payment in full, including interest, within ten (10) days of its due date, and the failure to cure after ten (10) days[']
> ... notice ....
>
> Upon default by defendant(s), defendant(s) consent to the entry of a judgment against them, jointly and severally, without further notice, in the amount of $603,542.76, plus interest of 8.5% per annum, and attorney's fees and costs ... from the date the payment was due, less any amounts paid hereunder, in the United States District Court for the Eastern District of New York ....
>
> The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Settlement Agreement and any Order or Judgment resulting therefrom ....
>
> Either party may, without notice, submit this Agreement to the Court to be "so ordered."

Settlement Agreement at 4-5. In light of the parties' settlement, an Order was issued dismissing this case on December 27, 2007.

On October 30, 2008, plaintiffs moved for entry of judgment against defendants in accordance with the Settlement Agreement, stating that "defendants defaulted ... on October 1, 2008, by failing to make a payment when due and failing to cure said default after notice." Decl. in Support of Default J. (Docket Entry # 10, Ex. 3) at

2

4.[1] Defendants, having been duly served, *see* Certificate of Service (Docket Entry #12), did not respond. Consequently, the Clerk of the Court entered defendants' default on November 25, 2008. *See* Clerk's Entry of Default (unnumbered Docket Entry). That same day, plaintiffs withdrew their request for entry of judgment against Jersey Sheet Metal Works, Inc., since it had filed for Chapter 11 bankruptcy protection. *See* Decl. in Support of Default J. (Docket Entry #11, Ex. 3) at 5. On December 10, 2008, plaintiffs submitted a letter indicating that plaintiffs had agreed to withdraw their action against Stuart Phillips and requesting that judgment be entered only against *Robert* Phillips. *See* Mot. to Amend/Correct/Supplement Proposed J. (Docket Entry #13) at 1.

## II

"A trial court has inherent power to enforce summarily a settlement agreement when the terms of the agreement are clear and unambiguous." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005) (internal quotation marks and citation omitted); *see also Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) ("A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it.") (citations omitted). The parties' Settlement Agreement is unambiguous; its plain meaning dictates that, in the event defendants fail to make a payment when due and subsequently fail to cure, plaintiffs are entitled to an entry of judgment against defendants jointly and severally.

Defendants have not contested plaintiffs' allegations of default under the Settlement Agreement. In the face of defendants' silence, this allegation must be taken as

---

[1] Prior to defendants' default, they had paid $182,364.84 of the amount due under the Settlement Agreement. *See* Proposed Default J. (Docket Entry #10, Ex. 1) at 2.

3

true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). Robert Phillips's liability for the liquidated damages specified in the Settlement Agreement follows as a matter of law.

## CONCLUSION

For the reasons described above, the Court directs the Clerk to enter judgment against Robert Phillips in the amount of $431,476.59, consisting of the sum of (1) $421,177.92 in principal (i.e., the $603,542.76 in liquidated damages specified by the Settlement Agreement less the $182,364.84 already paid thereunder), and (2) $10,298.67 in interest (calculated at the rate of 8.5% per annum from the date of default, October 1, 2008, until the date of this Memorandum and Order).[2] Plaintiffs are also entitled to post-judgment interest on this sum at the standard federal rate. *See* 28 U.S.C. § 1961(a).[3]

**SO ORDERED.**

s/FB

‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎‎
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 13, 2009

---

[2] The Settlement Agreement does not specify whether the interest should be simple or compound. Plaintiffs' calculations, however, indicate that they are seeking an award of simple interest, *see* Statement for Default J. (Docket Entry #10, Ex. 2), and the Court, therefore, awards only simple interest.

[3] While the Settlement Agreement also entitles plaintiffs to attorney's fees and costs in the event of defendants' default, *see* Settlement Agreement at 4, plaintiffs' motion does not seek fees or costs, either expressly or implicitly (e.g., by a request for "such other relief as the Court deems proper"). The Court, consequently, does not award them.

4